UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ENCANARCION AGUILAR,

    Plaintiff,

v.

WILLIAM KULOLOIA, *et al*.,

    Defendants.

Case No. 2:06-CV-1002-KJD-PAL

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss (#55). Plaintiff filed a response in opposition (#61).

I.  Procedural History

    This civil rights action was filed under 18 U.S.C. §1983 by an inmate at the High Desert State Prison in Indian Springs, Nevada. The plaintiff, proceeding *pro se*, was granted *in forma pauperis* status on September 21, 2006. Plaintiff filed his Complaint (#4) on August 22, 2006, in which he alleges the defendants at the Nevada Department of Corrections ("NDOC"), housed him with a dangerous gang member, Richard Delgado ("Delgado"), who severely beat him; housed him with inmates who smoked, exposing the plaintiff, a non-smoker, to unacceptably high levels of environmental tobacco smoke; failed to timely or adequately provide medical treatment for wounds including four broken bones in the nose and face sustained as a result of the beating by his cell mate;

affirmatively denied the plaintiff necessary medical care; and required the plaintiff to pay restitution in the form of his cell mate's medical bills without affording the plaintiff an opportunity to appeal the decision or the amount of restitution, all in violation of his constitutional rights under the Eighth and Fourteenth Amendments.

On September 28, 2007, the Court granted in part and denied in part (#35) Defendants' first Motion to Dismiss (#24) dismissing claims against Defendants in their official capacities, and granting summary judgment on Plaintiff's first count as to William Kuloloia only, second count as to Officer Fowler only, third count, sixth count and seventh count.  On April 4, 2008, Plaintiff filed his First Amended Complaint (#52) making the same claims, including the ones which had been dismissed, and substituting the names of actual defendants for doe defendants.  On May 12, 2008, Defendants filed the present motion to dismiss asserting that Plaintiff had failed to exhaust administrative remedies as to all claims and that many of the claims had already been dismissed by the Court's previous order (#35).

II.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1994 requires that a prisoner exhaust any and all administrative remedies before filing a case in federal court. See Woodford v. Ngo, 548 U.S. 81, 85 (2006).  "Proper exhaustion demands compliance with an agency's procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

A motion to dismiss for failure to exhaust nonjudicial remedies is treated as an unenumerated 12(b) motion. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. See id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).  If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.  See id. at 368 n.3 (1988).

The State of Nevada has given the NDOC the power to enact regulations to establish a grievance procedure for inmates. See Nev. Rev. Stat. § 209.243. A prisoner must initiate the grievance procedure by filing an administrative claim "within [six] months after the date of the alleged loss, damage or injury." Id. In accordance with section 209.243, the NDOC has adopted Administrative Regulation 740 ("AR 740"), establishing a grievance process for resolution of inmate problems and concerns.

An inmate must complete three levels of review, two formal and one informal, in order to exhaust his administrative remedies. See AR 740.02, 1.1.1. An inmate must first file an "Informal Grievance". AR 740.02, 1.1.1.1. An inmate who is dissatisfied with the response may appeal the grievance to the next level. AR 740.02, 1.1.1. 4. An inmate has five (5) days after the receipt of the response to his grievance to appeal to the next level of review. AR 740.02, 1.3.4. Once an inmate receives a response to his second level grievance, he is considered to have exhausted available administrative remedies. The regulations require a response to the grievance within twenty-five (25) calendar days of it being received by the Department's respondent, but allows inmates to proceed to the next level if no response is received within the twenty-five (25) days. See AR 740.02, 1.3.3; 1.3.6.

In this case, Plaintiff entirely failed to exhaust his administrative remedies for his remaining claims.[1] He claims to have filed his first grievance, the required informal grievance, on December 24, 2004 and that it was never responded to by NDOC. Even assuming that grievance was timely, he failed to exhaust his remedies, because he failed to appeal to the next level in a timely manner. The regulations clearly require Plaintiff to appeal to the next level no later than thirty (30) days after he filed his informal grievance. Instead Plaintiff admits that he waited until April 26, 2005 to file another grievance. Since the regulations expressly allowed him to appeal to the next level if no

---

[1] Defendants admit that Plaintiff fully grieved the issues regarding the findings of the disciplinary hearing where he was ordered to pay inmate Delgado's medical bills. However, the Court granted summary judgment on this claim in its Order (#35) on Defendants' first Motion to Dismiss (#24).

3

response was made, he failed to properly exhaust his administrative remedies. See Ngo, 548 U.S. at 90-91. Therefore, the Court must dismiss his complaint without prejudice.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#55) is **GRANTED**,

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint is **DISMISSED without prejudice**.

DATED this 18th day of February 2009.

_____
Kent J. Dawson
United States District Judge